**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| EBONY MEDIA HOLDINGS LLC and EBONY MEDIA OPERATIONS LLC, | § § § | Case No. 20-32391 (DRJ) |
| Debtors.[1] | § § | Jointly Administered |

### FIRST INTERIM APPLICATION COVER SHEET

| Name of Applicant: | The Claro Group, LLC | |
|---|---|---|
| Applicant's role in case: | Chief Restructuring Officer & Additional Personnel | |
| Date order of appointment signed: | November 5, 2020  [Doc. 138] modified on December 30, 2020 [Doc. 298] | |
| Retainer received prior to filing of petition: | $0.00 | |
| Retainer received after filing of petition: | $0.00 | |
| | **Beginning of Period** | **Ending of Period** |
| Time period covered by this Application: | October 26, 2020 | December 31, 2020 |
| Time period(s) covered by prior Applications: | N/A | N/A |
| Total amounts awarded in all prior Applications: | | N/A |
| Total fees requested in this Application: | | $114,182.50 |
| Total actual professional hours covered by this Application: | | 279.4 |
| Average hourly rate for professionals: | | $408.67 |
| Total paraprofessional fees requested in this Application: | | N/A |
| Total actual paraprofessional hours covered by this Application: | | N/A |
| Average hourly rate for paraprofessionals: | | N/A |
| Reimbursable expenses in this Application and in all Prior Applications: | | $0.00 |

---

[1] The "Debtors" in these Chapter 11 cases are: (a) Ebony Media Operations LLC (No. 20-33665) and (b) Ebony Media Holdings LLC (No. 20-33667).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EBONY MEDIA HOLDINGS LLC and | § | Case No. 20-32391 (DRJ) |
| EBONY MEDIA OPERATIONS LLC, | § | |
| | § | Jointly Administered |
| Debtors. | § | |

**FIRST INTERIM APPLICATION OF THE CLARO GROUP, LLC**
**FOR APPROVAL OF COMPENSATION IN CONNECTION WITH PROVIDING**
**A CHIEF RESTRUCTURING OFFICER AND CERTAIN**
**ADDITIONAL PERSONNELTO THE DEBTORS**
**FOR THE PERIOD OF OCTOBER 26, 2020 THROUGH DECEMBER 31, 2020**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

The Claro Group, LLC ("*Claro*"), providing Robert E. Ogle as Chief Restructuring Officer ("*CRO*") and certain additional personnel in the above-referenced bankruptcy cases of Ebony Media Holdings LLC ("*Holdings*") and Ebony Media Operations LLC ("*Operations*") (collectively, the "*Debtors*"), files this its First Interim Application (the "*Application*") seeking interim allowance of compensation in the amount of **$114,182.50** for the period October 26, 2020 through December 31, 2020 (the "*First Interim Application Period*"), and in support respectfully states as follows:

2

## JURISDICTION & VENUE

1.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b) and venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2.     On July 23, 2020, involuntary chapter 7 petitions were filed against Operations and Holdings in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "***Bankruptcy Court***" and the "***Bankruptcy Cases***").

## BACKGROUND

3.     On September 3, 2020, an Agreed Order for Relief was entered in each of the Bankruptcy Cases, and therein the Debtors elected to convert each of the Bankruptcy Cases to chapter 11 (the "***Agreed Order***"). The Agreed Order provided for the joint administration of the Bankruptcy Cases in Case No. 20-33665.

4.     On November 3, 2020, the Debtors filed their Emergency Application for an Order Authorizing Retention of Claro Pursuant to 11 U.S.C. §§ 327(a) and 330(a) to provide the Debtors with a Chief Restructuring Officer and Certain Additional Personnel, and to Designate Robert E. Ogle ("***Ogle***") as Chief Restructuring Officer (Doc #135). An Order granting the application was entered on November 5, 2020, a copy of which is attached as **Exhibit A**. On December 1, 2020, the Debtors filed their Emergency Motion to Modify CRO Order. Therein, the Debtors sought to modify the CRO's rights and duties to make decisions, as necessary, <u>without approval</u> of the Holdings and Operating board members, but with <u>consultation</u> of such board members. Thereafter, for reasons stated at the December 1, 2020 hearing, Michael Gibson, Willard Jackson, John Robinson and Jacob Walthour were immediately removed from as Directors. Ogle and Brendon Singh were appointed as directors. An order granting the motion to modify was entered on

December 30, 2020. Ogle has acted as CRO since November 5, 2020 and continues in that role.

5.      All professional services for which Claro requests compensation and allowance in this Application were performed for the period October 26, 2020 through December 31, 2020, for and on behalf of the Debtors. No agreement or understanding exists between Claro and any other person with respect to the sharing of compensation sought herein, except that the compensation approved by the Court will be shared among Claro's partners, associates, and personnel as authorized under the Bankruptcy Code.

## INTERIM APPLICATION

6.      Claro makes this Application pursuant to 11 U.S.C. § 330 for interim approval of **$114,182.50** for professional CRO and Additional Personnel services rendered by Claro in connection with the representation of Debtors during the period of October 26, 2020 through December 31, 2020.

7.      During the First Interim Application Period, Claro expended an aggregate total of 279.40 hours for professional services rendered on behalf of the Debtors. Claro's standard rates are consistent with fees charged in similar matters.  Further, all of the time incurred by Claro during the First Interim Application Period was incurred performing reasonable and necessary services for the Debtors as CRO and Additional Personnel.

8.      During the First Interim Application Period, primarily through Ogle performing as CRO, Claro performed work in fifteen different areas: asset sale and recovery analysis, business operations, business plan, case administration and maintenance, cash management and collateral analysis, claims analysis, internal meetings, lease and executory contract analysis, meetings with Debtors or Debtors' Counsel, post-petition financing analysis, fee application, bankruptcy court hearing, schedules and statements, monthly operating reports and the plan of reorganization. A

detailed listing of the services performed in each area by Claro is included in **Exhibit B** attached hereto.  The professional hours and rates per task are summarized below:

| Professional | Position | Hourly Rate | Effective Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| Bouche', Diane | Administrator | $    175.00 | $       175.00 | 11.7 | $        2,047.50 |
| Brickley, Douglas | Managing Director | $    600.00 | $       600.00 | 2.1 | $        1,260.00 |
| Miller, Lance T | Director | $    430.00 | $       430.00 | 33.5 | $      14,405.00 |
| Nasta, Pedro | Analyst | $    265.00 | $       265.00 | 32.5 | $        8,612.50 |
| Nguyen, Hung | Manager | $    350.00 | $       350.00 | 15.0 | $        5,250.00 |
| Ogle, Robert | Senior Advisor | $    450.00 | $       450.00 | 182.1 | $      81,945.00 |
| Rub, Nathaniel | Analyst | $    265.00 | $       265.00 | 2.5 | $           662.50 |
| **Totals** | | | $       408.67 | **279.4** | $      **114,182.50** |

| Marketing and Sales Process | | |
|---|---|---|
| Total Hours | Effective Rate | Total Fees |
| 30.1 | $        450.00 | $      13,545.00 |

**Brief description of the work performed in this category:**

The work performed under this category involved the time spent by Ogle as CRO and Claro additional personnel developing a strategy and communicating with various parties that included Debtors' personnel, FTI Investment Bank, counsel, Claro professionals, as well as other interested parties for the process of monetizing Debtors assets through a sale of substantially all assets. Additional activity included review and analysis of Asset Purchase Agreement and any related schedules and exhibits.

| Case Administration, Strategy and Maintenance | | |
|---|---|---|
| Total Hours | Effective Rate | Total Fees |
| 89.2 | $        416.68 | $      37,167.50 |

**Brief description of the work performed in this category:**

The work performed under this category relates to time spent by Ogle as CRO with support from additional Claro personnel strategizing courses of action, dealing with different disputes, as well as strategic meetings with counsel and other related parties Additionally, time under this category includes of reviewing motions, objections, and exhibits related to Bankruptcy Court Hearings, and time spent attending Bankruptcy Court Hearings. The work performed under this category also involved time spent by Claro performing various case administrative tasks including preparation of CRO retention documents and supporting court filings, nondisclosure agreements,

research, reviewing documents, and other bankruptcy related administrative tasks. All of these tasks were necessary as part of the administrative functions as CRO for the Debtors.

| Data Management and Investigation | | |
|---|---|---|
| Total Hours | Effective Rate | Total Fees |
| 30.8 | $        401.30 | $        12,360.00 |

**Brief description of the work performed in this category:**

The work performed under this category relates to time by Ogle as CRO with support from additional Claro personnel spent extracting and managing data and documents related to a variety of case functions including the investigation and evaluation of the Debtors' allegations of lender liability against Parkview.

| Plan Preparation & Analysis | | |
|---|---|---|
| Total Hours | Effective Rate | Total Fees |
| 8.7 | $        448.85 | $        3,905.00 |

**Brief description of the work performed in this category:**

The work performed under this category relate to Debtors' preparation and review of the Plan of Reorganization included any associated schedules or exhibits.

| Financing and Cash Budget Analysis | | |
|---|---|---|
| Total Hours | Effective Rate | Total Fees |
| 45.8 | $        416.15 | $        19,059.50 |

**Brief description of the work performed in this category:**

The work performed under this category relates to the debtors' cash management, creating cash collateral budgets, use of cash collateral, and analyzing receipts/disbursements for Budget to Actuals reporting. Additionally, the category includes any discussions with the DIP lender, negotiation of DIP terms, related documents, funds flow, and sources and uses of associated cash.

| Claims Analysis | | |
|---|---|---|
| Total Hours | Effective Rate | Total Fees |
| 43.7 | $        404.59 | $        17,680.50 |

**Brief description of the work performed in this category:**

The work performed under this category relate to analyzing and reviewing the Debtors' proof of claims with any supporting information including but limited to Parkview's claim. Work

performed in this category also included discussions with Parkview regarding its claim and associated calculation.

| Monthly Operating Report | | |
|---|---|---|
| Total Hours | Effective Rate | Total Fees |
| 31.1 | $   336.50 | $   10,465.00 |

**Brief description of the work performed in this category**:

The work performed under this category relates to time spent reviewing Debtors' operations and financial activity and preparing Monthly Operating Reports for Bankruptcy Court reporting.

9.    Claro requests this Court to approve these fees on an interim basis and allow compensation in the total amount of $114,182.50 during the First Interim Application Period.

### *Johnson* Factors

10.    Bankruptcy courts have suggested various factors to consider in awarding compensation in a bankruptcy case. *See, e.g.*, *Johnson v. Georgia Highway Express, Inc.*, 874 F.2d 714 (5th Cir. 1974). Claro's fees and expenses, as requested in this Application, are reasonable based on the following considerations, as outlined in *American Benefit Life Insurance Co. v. Braddock (In re First Colonial Corp. of America)*, 544 F.2d 1291 (5th Cir. 1977).

11.    Time and Labor Required. The time spent by Claro in assisting, representing, and advising the Debtors in all matters concerning these Chapter 11 cases covering the First Interim Application Period totals 279.4 hours. The number of hours spent in these cases was reasonable given the complexity of this case. The detail of the specific time entries, found in **Exhibit B**, reflects the reasonableness of the compensation being requested. All of the services identified were performed by Claro to assist the Debtors in their efforts to reorganize and emerge from bankruptcy if possible.

12.    Novelty and Difficulty of Work. Claro has been employed in numerous bankruptcy

7

cases by debtors, creditors, and trustees to provide financial, accounting and tax related analysis and consulting services. Claro provided the following services in this case, without limitation:

a.  Chief Restructuring Officer services performed by Ogle;

b.  Performed the duties prescribed by 11 U.S.C. § 1106(b), including but not limited to, investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors business and the desirability and feasibility of the continuance of such business, and any other matter relevant to these cases or to the formulation of a plan;

c.  Analyzed the cash position and cash needs of the Debtors;

d.  Monitored all cash flows of the Debtors, including cash receipts received and cash disbursements;

e.  Reviewed and analyzed all newly proposed contracts and transactions;

f.  Reviewed the details supporting the Parkview secured claim;

g.  Investigated and evaluated the Debtors' allegations of lender liability against Parkview;

h.  Prepared several cash flow budgets and monitored budget to actual variances;

i.  Prepared and filed Monthly Operating Reports; and

j.  Monitored the sale process of substantially all assets.

13.    <u>Experience, Reputation, and Ability of Financial Advisors and Consultants</u>. Claro, and Ogle in particular, is reputable, possesses the ability and skill adequate to perform the tasks outlined in this Application, and have worked on numerous bankruptcies similar in size and complexity to these cases. The Claro professionals, particularly Ogle, who provided the bulk of the services in these cases during the First Interim Application Period possess specialized skills in bankruptcy, corporate/business, finance and forensic accounting to merit the award of the

8

requested fees.

14.     Skill Required. The assistance provided to the Debtors by Claro, in these complex Chapter 11 cases, has required a specialized degree of skill and experience. Claro believes it has demonstrated the skills required to achieve results on behalf of the Debtors and the court in this case. Substantial skills have been required in the form of forensic accounting, investigation of transactions, running day-to-day operations and negotiation of all potential sale transactions.

15.     Preclusion of Other Employment. Because of the time commitment involved in these cases and the deadlines imposed upon Claro, Claro, and particularly Ogle's ability to take on other substantial engagements was limited to a certain degree.

16.     Customary Fees. Claro's professional services were necessary and have directly contributed to the effective administration of this case. All fees charged by Claro were reasonable and are in line with the rates charged on similar matters, without considering size, degree of responsibility, difficulty, complexity, and results achieved.

17.     Whether the Fees are Fixed or Contingent. The fees requested in this Application have been calculated at normal hourly rates charged by Claro, and are in line with those charged for similar work in this jurisdiction.

18.     Time Limitations and Other Factors. The Debtors in these cases necessitated expedited consideration of several motions and other matters. Claro performed their services on an expedited basis and were successful in meeting the various deadlines imposed by the Court and third parties.

19.     Undesirability of these Cases. This factor has no applicability in this case.

20.     Results Obtained. Claro has worked diligently and efficiently while keeping administrative cost at a minimum. During this First Interim Application Period, Claro, particularly

through the efforts of Ogle as CRO, stabilized the business thereby making it fully functional as debtors in possession.

21.   <u>Fees Awarded in Similar Cases</u>. As more fully described above, Claro submits that its services fully warrant the fees requested herein under the ten (10) factors identified by the Fifth Circuit and as are awarded in similar complex cases in the Southern District of Texas.

## <u>CONCLUSION</u>

Based on the foregoing, The Claro Group, LLC requests that this Court allow and authorize total fees of $114,182.50 on an interim basis for the First Interim Application Period. Claro also requests that this Court grant them any other legal or equitable relief to which they may be entitled.

Dated: January 12, 2021

Respectfully submitted,

Kell C. Mercer, PC
1602 E. Cesar Chavez Street
Austin, Texas 78702
Telephone: (512) 627-3512
Email: <u>kell.mercer@mercer-law-pc.com</u>

By: <u>/s/ Kell C. Mercer</u>
        Kell C. Mercer
        Texas Bar No. 24007668

**COUNSEL TO THE CLARO GROUP, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing pleading was served on the 12th day of January 2021, to all parties required to receive notice via electronic transmission and the Court's CM/ECF system upon those parties subscribing thereto.

<u>/s/ Kell C. Mercer</u>
Kell C. Mercer

10