

ENTERED
01/14/2021

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EBONY MEDIA OPERATIONS, LLC and | § | Case No. 20-33665 (DRJ) |
| EBONY MEDIA HOLDINGS, LLC, | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | Re: Docket No. 302 |

### UNOPPOSED ORDER APPROVING SECOND AMENDMENT TO ASSET PURCHASE AGREEMENT WITH BRIDGEMAN SPORTS AND MEDIA LLC

This matter coming before the Court upon the expedited motion (the "Motion")[1] of the above-captioned debtors (together, the "Debtors") for entry of an order approving the Second Amendment to Asset Purchase Agreement between the Debtors and Bridgeman Sports and Media LLC, in substantially the form attached to the Motion as **Exhibit A** (the "Second Amendment"), as further described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due deliberation, the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having reviewed the Motion and considered the representations of counsel and evidence at the hearing on the Motion; and good and sufficient cause appearing therefor;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT**:

1. The Second Amendment is **APPROVED**.

2. Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d) or 7062 or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the 14-day stay under Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.

Signed:  January 14, 2021

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "A"

# SECOND AMENDMENT TO
# ASSET PURCHASE AGREEMENT

THIS SECOND AMENDMENT TO ASSET PURCHASE AGREEMENT (this "**Second Amendment**"), dated as of January 14, 2021, is made by and among Ebony Media Holdings, LLC, a Texas limited liability company ("**Holdings**"), Ebony Media Operations, LLC, a Texas limited liability company (the "**Company**" and together with Holdings, "**Sellers**" and each, a "**Seller**") and Bridgeman Sports and Media LLC, a Delaware limited liability company (together with its permitted successors, designees and assigns, "**Purchaser**").

## RECITALS

WHEREAS, Sellers and Purchaser entered into an Asset Purchase Agreement, dated as of October 7, 2020 (the "**Original Agreement**");

WHEREAS, Sellers and Purchaser entered into the First Amendment to the Original Agreement, dated as of December 11, 2020 (the "**Amendment**", and the Original Agreement as amended by the Amendment, the "**Purchase Agreement**"); and

WHEREAS, pursuant to Section 12.8 of the Purchase Agreement, Purchaser and Sellers desire to amend certain terms of the Purchase Agreement, as set forth in this Second Amendment, subject to approval of the Bankruptcy Court.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, Sellers and Purchaser hereby agree as follows:

1. <u>Definitions</u>.  Capitalized terms used herein but not defined herein shall have the meanings assigned such terms in the Purchase Agreement.

2. <u>Amendments</u>.

    (a) Section 3.1(a)(i) of the Purchase Agreement is deleted in its entirety and replaced with the following:

    "(i) $13,200,000.00 (the "**Base Amount**"), <u>plus</u>"

    (b) Section 10.2(o) of the Purchase Agreement is deleted in its entirety.

3. <u>Miscellaneous</u>.

    (a) Except as expressly provided hereby, this Second Amendment shall not constitute a waiver or amendment of any term or condition of the Purchase Agreement, or the documents delivered pursuant thereto, and all such terms and conditions shall remain in full force and effect and are hereby ratified and confirmed in all respects. Upon the execution hereof, the

2

Amendment, this Second Amendment and the Original Agreement shall constitute one agreement. The term "**Agreement**" as used in the Purchase Agreement shall mean the Original Agreement as amended by the Amendment and this Second Amendment.

     (b)    This Second Amendment may be executed in counterparts, all of which shall be considered one and the same agreement and shall become effective when counterparts have been signed by each party and delivered to the other party. In the event that any signature is delivered by facsimile transmission or by an e-mail which contains a portable document format (.pdf) file of an executed signature page, such signature page shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such signature page were an original thereof.

[*signature pages follow*]

IN WITNESS WHEREOF, the parties have executed this Second Amendment to Asset Purchase Agreement on the date first above written.

**PURCHASER:**

BRIDGEMAN SPORTS AND MEDIA LLC

By: _____
Name:  Ulysses "Junior" Bridgeman
Title:   Chief Executive Officer

[*signature pages continue*]

[Signature Page to Second Amendment to Asset Purchase Agreement]

**SELLERS:**

EBONY MEDIA HOLDINGS, LLC

By: _____
Name: ROBERT E OGLE
Title: CRO and Director

EBONY MEDIA OPERATIONS, LLC

By: _____
Name: ROBERT E OGLE
Title: CRO and Director

[Signature Page to Second Amendment to Asset Purchase Agreement]