IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 20-33665 (DRJ) |
| | § | |
| **MEDIA OPERATIONS LIQUIDATING** | § | |
| **COMPANY, LLC (f/k/a EBONY MEDIA** | § | Chapter 11 |
| **OPERATIONS, LLC)**, *et al.*, | § | |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

**DEBTORS' APPLICATION FOR AN
ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF
THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT
AND RETENTION OF OKIN ADAMS LLP AS COUNSEL FOR THE DEBTORS**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Media Operations Liquidating Company, LLC (f/k/a Ebony Media Operations, LLC), *et al.*, the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this *Application for an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Okin Adams LLP as Counsel for the Debtors* (the "Application"), and in support hereof, respectfully state as follows:

---

[1] The Debtors in these jointly administered chapter 11 cases are: Media Operations Liquidating Company f/k/a Ebony Media Operations, LLC ("Operations"), Case No. 20-33665, and Media Holdings Liquidating Company, LLC f/k/a Ebony Media Holdings LLC ("Holdings"), Case No. 20-33667.

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Application are sections 327, 328, 329, and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014, 2016(b), and 9013 of the Federal Rules of Bankruptcy Procedure, Rules 2014-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## II. BACKGROUND

3. On July 23, 2020, involuntary petitions under Chapter 7 of the Bankruptcy Code were filed against Ebony Media Operations, LLC, in Case No. 20-34665, and Ebony Media Holdings, LLC, in Case No. 20-34667 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). During the gap period, no interim trustee was appointed.

4. On September 3, 2020, the Court entered an Order of Relief that also converted the cases to Chapter 11 cases with the Debtors acting as debtors-in-possession (the "Chapter 11 Cases"). On September 9, 2020, the Court entered an Order granting the joint administration of the two cases.

5. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. No official committee has been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

6. On September 3, 2020, the Debtors filed a *Motion to (A) Approve Entry into Letter of Intent, (B) Approve Bidding Procedures for Sale Of Debtors' Assets, (C) Approve Procedures for Stalking Horse Bid Protections, (D) Approve Assumption and Assignment Procedures, (E) Schedule An Auction for, and Hearing to Approve, Sale Of Debtors' Assets, (F) Approve Form And Manner of Notice Thereof, (G) Approve the Sale of the Sale Assets Free and Clear of Liens, Claims and Encumbrances, and Assumption and Assignment of Executory Contracts and Unexpired Leases and, (H) Approve Related Relief* (the "Sale Motion"). (ECF Doc 48.)

7. On December 17, 2020, the Debtors announced that Bridgeman Sports and Media LLC ("BS&M") was the successful bidder.

8. On November 3, 2020, the Debtor filed an *Emergency Application for an Order Authorizing Retention of the Claro Group, LLC Pursuant to 11 U.S.C. § 327(a) and 330(a) to Provide the Debtors With a Chief Restructuring Officer and Certain Additional Personnel, and to Designate Robert E. Ogle as the Chief Restructuring Officer* [ECF # 135] ("CRO Retention Motion"). On November 6, 2020, the Court entered an order granting the CRO Retention Motion [ECF # 138].

9. One of the provisions of the CRO Retention Order was designed to break any potential deadlocks on the Ebony Board as between the Parkview Director and the Consequent Director, on the one hand, and the two CVG Group Directors, on the other hand. Said provision provided:

> Where the BOD members are split 2/2 on issues brought before the BOD by one or more BOD members, the undersigned DIP Counsel or the CRO, or where the BOD members are non-responsive to such board decisional matters, the CRO shall decide such matters based on the best interests of the Bankruptcy Estates and their creditors, and the CRO's best business judgment. If the CRO disagrees with the BOD on any governance issue, the CRO may, as he deems necessary, direct DIP Counsel to bring the matter to the Court for adjudication.

10. Another provision of the CRO Retention Order gave the CRO authority and direction to investigate the alleged lender liability claims against Parkview and Parkview's alleged claims against the CVG Group and its two directors, Mr. Willard Jackson ("Jackson") and Mr. Michael Gibson ("Gibson"). Said provision provided:

> "The CRO shall expeditiously investigate all claims and causes of action allegedly owned by the Debtors against third parties, or allegedly owned by third parties against the Debtors, and shall report to the BOD members, the undersigned DIP Counsel and the Court."

11. On December 1, 2020, the Court determined that the members of the Board, Messrs. Gibson, Jackson, Mr. Walthour and Mr. Robinson should be removed. In their place, the Court installed two new independent board members, Robert E. Ogle (the existing CRO) and Brendon Singh, an attorney practicing bankruptcy law in Houston, Texas, as the sole members of the Ebony Board. The following day this Court entered an order authorizing Messrs. Ogle's and Singh's appointment. [Docket No. 199].

12. On December 22, 2020, the Court entered an order (the "Sale Order") authorizing and approving the Sale Motion. [Docket No. 285]. Pursuant to the Sale Order, and that certain Asset Purchase Agreement ("APA") [Docket No. 101] the Court approved the sale of Debtors' assets, including trademarks and copyrights, to BS&M, free and clear of all liens, claims, interests, and encumbrances.

13. On January 20, 2021, the Closing occurred under the BS&M APA, as amended. The purchase price paid at closing was $13,200,000 less the two holdbacks totaling $650,000, as provided for in Article III of the BS&M APA, or $12,550,000 (the "BS&M Sales Proceeds").

14. On April 23, 2021, the Debtor filed the *Motion for Substitution of Counsel* [Docket No. 360] (the "Substation Motion"). The Substitution Motion sought to replace Leonard Simon

4

with Pendergraft & Simon, LLP with Christopher Adams with Okin Adams, LLP. The Substitution Motion is still pending.

### III. RELIEF REQUESTED

15. By this Application, the Debtors seek entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code authorizing the employment and retention of Okin Adams LLP ("Okin Adams" or the "Firm") as general bankruptcy counsel to the Debtors in accordance with the terms and conditions of the engagement letter dated April 19, 2021 (the "Engagement Letter"), which is attached to this Application as **Exhibit A** and incorporated herein by reference.

### IV. RETENTION OF OKIN ADAMS

16. The Debtors seek to retain Okin Adams to act as their general bankruptcy counsel during the Chapter 11 Cases. Christopher Adams, the partner at Okin Adams who is primarily responsible for the representation of the Debtors, is admitted to practice in this district, as are the other Firm lawyers expected to work on this engagement.

17. The Debtors respectfully submit that it will be necessary to employ and retain counsel pursuant to section 327 of the Bankruptcy Code to serve as the Debtors' general bankruptcy counsel in these Chapter 11 Cases to:

    a) advise the Debtors with respect to their rights, duties and powers in the Chapter 11 Cases;

    b) assist and advise the Debtors in their consultations relative to the administration of the Chapter 11 Cases;

    c) assist the Debtors in analyzing the claims of their creditors and in negotiating with such creditors;

    d) assist the Debtors in the analysis of and negotiations with any third-party concerning matters relating to, among other things, a sale of substantially all of the Debtors' assets, or the terms of a plan of reorganization;

    e) represent the Debtors at all hearings and other proceedings;

   f) review and analyze all applications, orders, statements of operations and schedules filed with the Court and advise the Debtors as to their propriety;

   g) assist the Debtors in preparing pleadings and applications as may be necessary in furtherance of the Debtors' interests and objectives; and

   h) perform such other legal services as may be required and are deemed to be in the interests of the Debtors in accordance with the Debtors' powers and duties as set forth in the Bankruptcy Code.

18. Because of the extensive legal services that will be necessary in the Chapter 11 Cases, and the fact that the full nature and extent of such services are not known at this time, the Debtors believe that the employment of Okin Adams for all of the Debtors' purposes set forth above would be appropriate and in the best interests of the Debtors.

19. The Debtors further believe that Okin Adams possesses extensive knowledge and expertise in the areas of law relevant to this case and that Okin Adams is well qualified to represent the Debtors in these Chapter 11 Cases.

### V. OKIN ADAMS IS "DISINTERSTED"

20. Under section 327(a) of the Bankruptcy Code, the trustee or debtor in possession is authorized to employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. §§ 101(14) and 327(a). Section 1107(b) of the Bankruptcy Code modifies sections 101(14) and 327(a) in cases under chapter 11 of the Bankruptcy Code, providing that a person is not disqualified for employment under section 327(a) of the Bankruptcy Code by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case. 11 U.S.C. § 1107(b).

21. To the best of the Debtors' knowledge, Okin Adams is not an insider of the Debtors, nor does the Firm have any direct or indirect relationship to, connection with, or interest in the

Debtors that would make its interests materially adverse to the interests of the estates or of any class of creditors or equity security holders. While Okin Adams is not an insider of the Debtor, Christopher Adams is married to law partner of Brendon Singh, an acting board member appointed by the Court. The details of all other connections between Okin Adams and the Debtors or their creditors are set forth in the Declaration of Christopher Adams (the "Adams Declaration"), which is attached to this Application as **Exhibit B** and incorporated herein by reference. To the best of the Debtors' knowledge, Okin Adams does not have any connections with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the Southern District of Texas, or any person employed in the office of the United States Trustee for the Southern District of Texas. Based upon the Adams Declaration, the Debtors believe that Okin Adams is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b), and is therefore qualified to be employed by the Debtors pursuant to section 327(a) of the Bankruptcy Code.

## VI. TERMS OF OKIN ADAMS' ENGAGEMENT

22. The Debtors have agreed to engage Okin Adams pursuant to the Firm's standard policies and procedures, and request that this Court approve such terms and conditions of Okin Adams' employment as reasonable pursuant to section 328(a) of the Bankruptcy Code.

23. Subject to the provisions of section 327(a) of the Bankruptcy Code, as incorporated in section 330 of the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Local Rules, the Debtors are informed that Okin Adams intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by Okin Adams, as more specifically described in the Engagement Letter and Adams Declaration.

24. As set forth in the Adams Declaration, Okin Adams did not receive a retainer from the Debtors prior to entry of the Order for Relief. Since April 19, 2021, Okin Adams has been providing services to both Debtors in accordance with the Engagement Letter. Okin Adams has not been paid for any fees or expenses incurred in connection with filing the Chapter 11 Cases. *See* 11 U.S.C. § 329.

## VII. PRAYER

WHEREFORE, the Debtors request that this Court enter an order, substantially in the form attached hereto, approving the retention of Okin Adams LLP as general bankruptcy counsel for the Debtors in the Chapter 11 Cases, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 17th day of May, 2021.

**MEDIA OPERATIONS LIQUIDATING COMPANY, LLC,** *et al.*

By: */s/ Robert Ogle*
Robert Ogle
Member of the Board

By: */s/ Brendon Singh*
Brendon Singh
Member of the Board

**OKIN ADAMS LLP**

By:     /s/ *Christopher Adams*
    Christopher Adams
    Texas Bar No. 24009857
    Email: cadams@okinadams.com
    Edward A. Clarkson, III
    Texas Bar No. 24059118
    Email: eclarkson@okinadams.com
    Johnie A. Maraist
    Texas Bar No. 24109505
    Email: jmaraist@okinadams.com
    1113 Vine St., Suite 240
    Houston, Texas 77002
    Tel: 713.228.4100
    Fax: 888.865.2118

**PROPOSED ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, a true and correct copy of the foregoing Application was served via the Court's CM/ECF system to all parties consenting to service through the same.

By:   */s/ Johnie A. Maraist*
    Johnie A. Maraist