IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 20-33665 (DRJ) |
| | § | |
| **MEDIA OPERATIONS LIQUIDATING** | § | |
| **COMPANY, LLC (f/k/a EBONY MEDIA** | § | Chapter 11 |
| **OPERATIONS, LLC),** *et al.*, | § | |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF OKIN ADAMS LLP AS BANKRUPTCY COUNSEL FOR THE DEBTORS**
**(Relates to ECF # __)**

The Court considered the *Debtors' Application for an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Okin Adams LLP* ("Okin Adams") *as Counsel for Debtors* (the "Application")[2] and the Declaration of Christopher Adams (the "Adams Declaration") submitted in support of the Application. The Court hereby finds that based upon the representations made in the Application and Adams Declaration: (i) Okin Adams represents no interests adverse to the Debtors' estates or their creditors with respect to the matter upon which it is to be engaged; (ii) Okin Adams is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and as provided and disclosed in the Application and the Adams Declaration; (iii) the employment of Okin Adams is necessary and is in the best interests of the Debtors' estates; and (iv) the Application should be GRANTED. It is therefore hereby **ORDERED** that:

---

[1] The Debtors in these jointly administered chapter 11 cases are: Media Operations Liquidating Company f/k/a Ebony Media Operations, LLC ("Operations"), Case No. 20-33665, and Media Holdings Liquidating Company, LLC f/k/a Ebony Media Holdings LLC ("Holdings"), Case No. 20-33667.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

1. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain Okin Adams LLP to represent the Debtors as general bankruptcy counsel in the Chapter 11 Cases.

2. Okin Adams shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and Complex Case Procedures. For billing purposes, Okin Adams shall keep its time in one-tenth (1/10) hour increments.

3. Okin Adams shall make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures during the Chapter 11 Cases.

4. Okin Adams shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

5. Okin Adams shall provide reasonable notice to the Debtors, the U.S. Trustee, and any statutory committed appointed in these Chapter 11 Cases of any increases in the rates set forth in the Application, Okin Declaration, and Engagement Letter, and shall file such notice with the Court.

6. Absent further order of the Court, Okin Adams shall not be entitled to reimbursement for fees and expenses in connection with the defense of any objection to its fees.

7. To the extent the Application, Adams Declaration, or Engagement Letter are inconsistent with this Order, the terms of this Order shall control.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____, 2021.

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE