UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § <br><br>**MEDIA OPERATIONS** § <br>**LIQUIDATING COMPANY, LLC** § <br>**(f/k/a EBONY MEDIA OPERATIONS,** § <br>**LLC),** *et al.*,[1] § <br> § <br>Debtors. § § § | Case No. 20-33665 (DRJ) <br>CHAPTER 11 <br><br>JOINTLY ADMINISTERED |

**Complex Case Fee Application Coversheet (Hourly)**

| | | |
|---|---|---|
| **Name of Applicant:** | Doeren Mayhew, P.C. | |
| **Applicant's Role in Case:** | Tax Accountant for the Debtors | |
| **Docket No. of Employment Order(s):** | ECF #378 | |
| **Interim Application (  )   No. _____** <br>**Final Application    ( X )** | Final | |
| | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | 12/01/2020 | 09/16/2021 |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?  ( Y ) | | |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? ( Y ) | | |
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? ( Y ) | | |
| Do expense reimbursements represent actual and necessary expenses incurred? ( Y ) | | |
| **Compensation Breakdown for Time Period Covered by this Application** | | |
| Total professional fees requested in this Application: | | $31,898.50 |
| Total professional hours covered by this Application: | | 83.18 Hours |
| Average hourly rate for professionals: | | $383.49 |

---

[1] The Debtors in these chapter 11 cases are: Media Operations Liquidating Company f/k/a Ebony Media Operations, LLC ("Operations"), Case No. 20-33665, and Media Holdings Liquidating Company, LLC f/k/a Ebony Media Holdings LLC ("Holdings"), Case No. 20-33667s, Jointly Administered under Case No. 20-33665.

| | |
|---|---:|
| **Total paraprofessional fees requested in this Application:** | N/A |
| **Total paraprofessional hours covered by this Application:** | N/A |
| **Average hourly rate for paraprofessionals:** | N/A |
| **Total fees requested in this Application:** | $31,898.50 |
| **Total expense reimbursements requested in this Application:** | $229.03 |
| **Total fees and expenses requested in this Application:** | $32,127.53 |
| **Total fees and expenses awarded in all prior Applications:** | $0.00 |
| **Plan Status:** Due to the financial realities of the Chapter 11 Cases, a plan of reorganization could not be confirmed. | |
| **Primary Benefits:** DMPC was able to provide significant tax accounting advice to the Debtors, including advice related to payroll tax returns, state reinstatements, and preparing federal income taxes. | |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: § <br> § <br> **MEDIA OPERATIONS** § <br> **LIQUIDATING COMPANY, LLC** § <br> **(f/k/a EBONY MEDIA OPERATIONS,** § <br> **LLC),** *et al.*, [2] § <br> § <br>                 **Debtors.** § | Case No. 20-33665 (DRJ) <br> **CHAPTER 11** <br><br> **JOINTLY ADMINISTERED** |

**FINAL APPLICATION OF DOEREN MAYHEW, P.C. FOR APPROVAL OF COMPENSATION IN CONNECTION WITH TAX ACCOUNTING FOR THE PERIOD FROM DECEMBER 1, 2020 THROUGH SEPTEMBER 16, 2021**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY SEPTEMBER 24, 2021. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Doeren Mayhew, P.C. ("DMPC"), which has been engaged as the tax accountant for the above-captioned debtors and debtors-in-possession (the "Debtors"), files this its *Final Application* (the "Application") seeking final allowance of compensation and reimbursement of expenses in the amount of $32,127.53 for the period December 1, 2020 through September 16, 2021 (the "Final Application Period"), and in support respectfully states as follows:

---

[2] The Debtors in these chapter 11 cases are: Media Operations Liquidating Company f/k/a Ebony Media Operations, LLC ("Operations"), Case No. 20-33665, and Media Holdings Liquidating Company, LLC f/k/a Ebony Media Holdings LLC ("Holdings"), Case No. 20-33667s, Jointly Administered under Case No. 20-33665.

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Application is made pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended and modified, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), the Procedures for Complex Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of Texas (the "Complex Case Procedures") and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

**BACKGROUND**

A.  **The Involuntary Petitions**

3. On July 23, 2020, involuntary chapter 7 petitions were filed against the Debtors in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court" and the "Bankruptcy Cases").

4. On September 3, 2020, an Agreed Order for Relief was signed by the Court in each of the Bankruptcy Cases, and therein the Debtors elected to convert each of the Bankruptcy Cases to chapter 11 (the "Agreed Order"). The Agreed Order provided for the joint administration of the Bankruptcy Cases in Case No. 20-33665 (ECF Doc. 45).

B.  **The Sale of Substantially All Assets of the Debtors**

5. The Debtors commenced an effort to find a suitable buyer for the Debtors' businesses.

While several alternatives were initially pursued, the Debtors ultimately negotiated and executed on August 31, 2020, a letter of intent (the "LOI") with a prospective purchaser of the Debtors' businesses and assets, Bridgeman Sports and Media LLC ("Bridgeman"), a group owned by businessman and former NBA player Ulysses "Junior" Bridgeman. As a result of the execution of the LOI, Bridgeman, with Bankruptcy Court approval, will be designated as the "Stalking Horse" prospective purchaser for the proposed auction and sale.

6.       On September 3, 2020, the Debtors filed a *Motion to (A) Approve Entry into Letter of Intent, (B) Approve Bidding Procedures for Sale Of Debtors' Assets, (C) Approve Procedures for Stalking Horse Bid Protections, (D) Approve Assumption and Assignment Procedures, (E) Schedule An Auction for, and Hearing to Approve, Sale Of Debtors' Assets, (F) Approve Form And Manner of Notice Thereof, (G) Approve the Sale of the Sale Assets Free and Clear of Liens, Claims and Encumbrances, and Assumption and Assignment of Executory Contracts and Unexpired Leases and, (H) Approve Related Relief* (the "Sale Motion") (ECF Doc 48).

7.       On December 22, 2020, the Court entered the *Order Approving the Motion to (A) Approve Entry into Letter of Intent, (B) Approve Bidding Procedures for Sale Of Debtors' Assets, (C) Approve Procedures for Stalking Horse Bid Protections, (D) Approve Assumption and Assignment Procedures, (E) Schedule An Auction for, and Hearing to Approve, Sale Of Debtors' Assets, (F) Approve Form And Manner of Notice Thereof, (G) Approve the Sale of the Sale Assets Free and Clear of Liens, Claims and Encumbrances, and Assumption and Assignment of Executory Contracts and Unexpired Leases and, (H) Approve Related Relief* (the "Sale Order") authorizing and approving the Sale Motion (ECF Doc 285). Pursuant to the Sale Order, and that certain Asset Purchase Agreement ("APA") (ECF Doc 101), the Court approved the sale of Debtors' assets, including trademarks and copyrights, to Bridgeman Sports and Media LLC, as

purchaser, free and clear of all liens, claims, interests, and encumbrances.

8. Parkview Capital Credit, Inc., Debtors' senior secured creditor, and several junior secured creditors, including the Johnson Publishing Company Trustee and the Small Business Administration do not have a lien on the copyrights. However, it appears that the Internal Revenue Service does have a lien on the copyrights.

9. Accordingly, on November 30, 2020 Debtors' Chief Restructuring Officer and its Counsel instructed DMPC to prepare a proposal and engagement letter for the tax accounting work for the Debtors.

10. On January 11, 2021, the Debtors filed the *Application to Employ Doeren Mayhew, P.C., as Tax Accountant*. On June 21, 2021, the Bankruptcy Court entered the *Order Approving Employment of Doeren Mayhew, P.C. as Tax Accountant* (ECF Doc 378).

11. On June 21, 2021, the Court entered the order approving the retention of DMPC. [Docket No. 378].

12. On June 25, 2021 DMPC filed its *Application of Doeren Mayhew, P.C. for Approval of Compensation in Connection with Tax Accounting for the Period from December 1, 2020 through May 31, 2021* [Docket No. 380] (the "Interim Application").

13. The Court never entered an order approving the Interim Application. No additional fees and expenses were incurred since the filing of the Interim Application. Accordingly, this final Application is substantially similar to the Interim Application and DMPC seeks an order approving their incurred professional fees and expenses on a final basis in this Application.

**DESCRIPTION OF WORK PERFORMED UNDER THIS APPLICATION**

11. During the period from December 1, 2020, and September 16, 2021, DMPC personnel expended 83.18 hours to assist on the various tax accounting matters. DMPC

expended time reinstating the Texas Franchise Tax, assisting with the general tax accounting questions on recording entries, preparing various Federal and State tax returns, and the preparation and filing of various Payroll Tax returns.

12. DMPC has expended a total of 83.18 hours through September 16, 2021 on this engagement which is summarized by category as follows:

|  | Hours | Fee | Rate/ Hour |
|---|---|---|---|
| Payroll Tax Returns | 15.52 | $ 5,131.20 | $ 330.62 |
| State Reinstatements | 8.81 | $ 3,149.80 | $ 357.53 |
| Consulting Entries | 10.75 | $ 5,912.50 | $ 550.00 |
| Income Taxes | 48.10 | $ 17,705.00 | $ 368.09 |
| Fee Application Preparation | 4.00 | $ 2,200.00 | $ 550.00 |
| Total | 83.18 | $ 32,127.53 | $ 383.49 |

a) Payroll Tax Return time was spent compiling and preparing all of the various quarterly information as well as the filing of the actual returns.

b) State Reinstatement time was incurred researching the various delinquencies, paying the appropriate fees (which are included in our expense reimbursement request) and filing all appropriate forms.

c) Consulting Entry time included fielding questions and assistance on proper entry coding during the accounting process.

d) Income Tax time includes the preparation, review, and oversight of the actual completion of the Federal and State tax returns as well as the filing of the same.

13. DMPC makes this Application pursuant to 11 U.S.C. § 330 for final approval of **$31,898.50** for professional services rendered by DMPC and **$229.03** in expenses in connection

with the filing of the reinstatement fees during the period from December 1, 2020 through September 16, 2021.

14. During the Final Application Period, DMPC expended an aggregate total of 83.18 hours for professional services rendered on behalf of the Debtors. DMPC's standard rates are consistent with fees charged in similar matters. Further, all of the time incurred by DMPC during the Final Application Period was incurred performing reasonable and necessary services for the Debtors in conducting tax accounting services.

15. A detailed listing of the services performed is included in **Exhibit A** attached hereto. A detailed listing of the specific time entries detailing the services provided is attached hereto as **Exhibit B**. The professional hours, rates per professional and synopsis of their credentials are summarized below:

| Professional | Time Spent | Billing Rate | Total Fees | Position | Credentials |
|---|---|---|---|---|---|
| Christopher Masters | 19.61 | $550.00 | $10,785.50 | Shareholder | CPA, Managing Shareholder, 20+ years public accounting |
| Chris Haas | 15.05 | $550.00 | $8,277.50 | Shareholder | CPA, Shareholder, 20+ years public accounting |
| Erika Knight | 1.00 | $375.00 | $375.00 | Senior Manager | CPA, Shareholder, 20+ years public accounting |
| Alba Alpuche | 12.16 | $270.00 | $3,283.20 | Senior Staff | QB Pro, 12 years accounting |
| Maritsa Narvaez | 30.75 | $270.00 | $8,302.50 | Senior Staff | 5 years public accounting |
| Mai-Anh Nguyen | 0.50 | $270.00 | $135.00 | Senior Staff | 5 years public accounting |

| Byron Wolfford | 4.11 | $180.00 | $739.80 | Associate Staff | 2 years public accounting |
|---|---|---|---|---|---|
| | 83.18 | $383.49 | $ 31,898.50 | | |

16. In performing this engagement, DMPC incurred $229.03 in expenses related to the penalties and late filing fees associated with the reinstatement of the state tax accounts.

17. DMPC requests this Court to approve these fees and expenses on a final basis and allow compensation in the total amount of $32,127.53 during the Final Application Period.

### *Johnson* Factors

18. Bankruptcy courts have suggested various factors to consider in awarding compensation in a bankruptcy case. *See, e.g.*, *Johnson v. Georgia Highway Express, Inc.*, 874 F.2d 714 (5th Cir. 1974). DMPC's fees and expenses, as requested in this Application, are reasonable based on the following considerations, as outlined in *American Benefit Life Insurance Co. v. Braddock (In re First Colonial Corp. of America)*, 544 F.2d 1291 (5th Cir. 1977).

19. Time and Labor Required. The time spent by DMPC in performing the Tax accounting services covering the Final Application Period totals 83.18 hours. The number of hours spent were reasonable given the complexity of the work. The detail of the specific time entries, found in Exhibit B, reflects the reasonableness of the compensation being requested. All of the services identified were necessary in order to complete the services and file the respective returns.

20. Novelty and Difficulty of Work. DMPC has been employed to prepare numerous tax returns during bankruptcy proceedings. This type of work is more difficult and requires professional accountants to ensure compliances are met.

21. <u>Experience, Reputation, and Ability of Financial Advisors and Consultants</u>. DMPC and its professional team are reputable, they possess the ability and skill to perform the tasks outlined in this Application, and they have worked on numerous tax returns and accounting projects covering a wide range of businesses and industries.

22. <u>Skill Required</u>. The services provided to the Debtors by DMPC, in these complex Chapter 11 cases, has required a specialized degree of skill and experience in preparing, reinstating, and filing tax returns. DMPC believes it has demonstrated the skills required to prepare a professional business valuation that utilizes accepted methodologies to reach conclusions of value.

23. <u>Preclusion of Other Employment</u>. This factor has no applicability in this case.

24. <u>Customary Fees</u>. All fees charged by DMPC are reasonable and are in line with the rates charged on similar matters, without considering size, degree of responsibility, difficulty, complexity, and results achieved.

25. <u>Whether the Fees are Fixed or Contingent</u>. The fees requested in this Application have been calculated at normal hourly rates charged by DMPC and are in line with those charged for similar work in this jurisdiction.

26. <u>Time Limitations and Other Factors</u>. DMPC performed this engagement on an expedited basis and was successful in meeting the deadline imposed by the CRO and Debtors' counsel.

27. <u>Undesirability of these Cases</u>. This factor has no applicability in this case.

28. <u>Results Obtained</u>. DMPC has worked diligently and efficiently to prepare the work within the time frame imposed on it.

29. <u>Fees Awarded in Similar Cases</u>. As more fully described above, DMPC submits that its services fully warrant the fees requested herein under the ten (10) factors identified by the

Fifth Circuit and as are awarded in similar complex cases in the Southern District of Texas.

## CONCLUSION

Based on the foregoing, Doeren Mayhew, P.C. requests that this Court allow and authorize total professional fees of $31,898.50 and reimbursement of expenses of $229.03 for a total of $32,127.53 on a final basis for the Final Application Period. DMPC also requests that this Court grant them any other legal or equitable relief to which they may be entitled.

Dated: September 17, 2021

**DOEREN MAYHEW, P.C.**

By: Christopher Thompson
Christopher Thompson

**CHIEF OPERATING OFFICER
OF DOEREN MAYHEW, P.C
TAX ACCOUNTANTS FOR THE
DEBTORS**

## CERTIFICATE OF SERVICE

This is to certify that on September 17, 2021, a true and correct copy of the foregoing document was served via the court's electronic filing system upon parties subscribed thereto.

/s/ *Christopher Adams*
Christopher Adams